33 F.3d 52
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Billy E. PRITT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2055.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 10, 1994.
Decided: August 11, 1994.
 
 1
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge. (CA-92-2250-Y)
 
 
 2
 ARGUED: Anthony R. Mignini, Mignini, Raab & Lidinsky, Baltimore, MD, for appellant.
 
 
 3
 Robert S. Drum, Asst. Regional Counsel, Office of the General Counsel, Dept. of Health & Human Services, Philadelphia, PA, for appellee.
 
 
 4
 ON BRIEF: Charlotte Hardnett, Chief Counsel, Region III, Dorothea J. Lundelius, Division Chief, Office of the General Counsel, Dept. of Health & Human Services, Philadelphia, PA; Lynne A. Battaglia, U.S. Attys., Jeanette Plante, Asst. U.S. Atty., Baltimore, MD, for appellee.
 
 
 5
 E.D.Va.
 
 
 6
 AFFIRMED.
 
 
 7
 Before MURNAGHAN, Circuit Judge, PHILLIPS, Senior Circuit Judge, and HILTON, U.S. District Judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 HILTON
 
 8
 This is an appeal from the United States District Court for the District of Maryland (Southern Division) affirming a decision of the Secretary of Health and Human Services denying appellant's claim for disability insurance benefits ("DIB"). Appellant brings this action pursuant to 42 U.S.C. Sec. 405(g) (1988). Finding no error in the decision of the District Court, we affirm.
 
 I.
 
 9
 Appellant filed an application for DIB on February 14, 1990, alleging that because of osteoarthritis, degenerative disc disease, bursitis of the shoulder, and rheumatism, he has been unable to work since August 11, 1989. His application was denied at both the initial and reconsideration levels. On November 6, 1991, the Administrative Law Judge (ALJ) denied appellant's claim for DIB. On June 16, 1992, the ALJ's decision became the final decision of the Secretary of Health and Human Services when it was approved by the Appeals Council.
 
 
 10
 Appellant is currently 50, and he was 47 years old at the time of his alleged disability onset date. He is a high school graduate, and his work history for the 15-year period preceding his alleged disability onset date consisted of work as a general superintendent of a coal mine. This work involved walking and standing most of the time, and frequently lifting up to 50 pounds. Appellant's earnings record indicates consistent earnings from 1960 through 1988. Appellant maintains that, as of August 12, 1989, he became unable to perform his employment duties because of back and leg problems.
 
 II.
 
 11
 The Secretary's findings are conclusive so long as they are supported by substantial evidence. 42 U.S.C. Sec. 405(g) (1988). Substantial evidence, it has been held, is "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 607, 619-20 (1938)).
 
 
 12
 Substantial evidence supports the Secretary's decision that appellant retained the capacity to perform light and sedentary jobs. Every physician who has evaluated appellant's functional capacity has stated that appellant is capable of performing either light or sedentary work. The objective medical evidence is consistent with the views of these treating physicians with respect to appellant's capabilities. Because every physician who has evaluated appellant's functional capacity has stated that appellant is capable of performing either light or sedentary work, work which is much less arduous than the very physically demanding job of general mine superintendent, the Secretary could reasonably find appellant capable of light and sedentary jobs.
 
 III.
 
 13
 The ALJ properly evaluated appellant's complaints of disabling pain. Appellant's own treating physician, and two examining Board-certified orthopedists, have furnished persuasive evidence that, despite his complaints of pain, appellant remains capable of lighter work. While testimony as to pain must always be carefully weighed, "pain is not disabling per se, and subjective evidence of pain cannot take precedence over objective evidence or the lack thereof." Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir.1986) (quoting Parris v. Heckler, 733 F.2d 324, 327 (4th Cir.1984)). What is lacking in this case is an examining physician's opinion that appellant's complaints of pain would prevent him from performing light or sedentary work.
 
 
 14
 Disability under the Act is not automatically established upon a showing of a medically-determinable pain-causing condition. The Secretary evaluates pain on the basis of medical signs and findings which establish the existence of a medical impairment which could reasonably be expected to produce the subjective symptoms alleged. 20 C.F.R. Sec. 404.1529 (1994); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir.1986). Once such an impairment is shown, the ALJ must then fully evaluate the effect of the pain even when the degree of pain is shown only by subjective evidence. Id.Sec. 404.1529(c)(2), (3).
 
 
 15
 The ALJ listened to appellant's testimony of his musculoskeletal pain and, as the finder of fact, assessed its credibility in the context of the other evidence before him. The ALJ concluded that appellant's testimony regarding his pain was credible to the degree that it precluded him from performing medium to heavy work as a general mine superintendent and restricted him to light and sedentary work. This finding was completely consistent with the opinion of appellant's treating physician, Dr. Wiley, and with the opinions of Drs. Feddis and Roberts.
 
 
 16
 Social Security Regulation (SSR) 90-1p instructs the adjudicator to look to the non-medical evidence of record to ensure full consideration to all of the available evidence, both medical and non-medical, that reflects upon the claimant's pain and any attendant limitations of function. Applying six factors from SSR 90-1p, the ALJ concluded that appellant's complaints of pain were credible to the extent that they restricted him to light and sedentary work. As a whole, these six factors and the medical evidence of record reasonably indicated that appellant could perform the light and sedentary work which Drs. Wiley and Roberts had determined. The Secretary, therefore, properly concluded that the record did not support appellant's claim that he had disabling musculoskeletal pain.
 
 IV.
 
 17
 Appellant argues that the District Court erred in finding that it was proper for the ALJ not to require vocational expert testimony con cerning appellant's capacity to perform alternate work existing in the national economy. The ALJ did not call a vocational expert to testify because appellant never demonstrated in his hearing testimony that his pain was anything but exertional, brought on by the arduous demands of his job as a mine superintendent.
 
 
 18
 The Secretary's regulations provide several means by which the Secretary can demonstrate the existence of jobs in the national economy. 20 C.F.R. Secs. 404.1566, 404.1569 (1994). In this case, the Secretary utilized the grids, which base the existence of jobs on the Dictionary of Occupational Titles, published by the Department of Labor. The appropriateness of the grids as a means of demonstrating the existence of jobs is well-settled. Heckler v. Campbell, 461 U.S. 458, 467 (1983). The grids indicate that a finding of not disabled is appropriate considering appellant's younger age, his high school education, his transferable work skills, and his capacity to perform the full range of light work. 20 C.F.R., pt. 404, subpt. P, app. 2, Table No. 2, Rule 202.22 (1994).
 
 
 19
 The opinions of the examining physicians, suggesting alternative, less strenuous work, are wholly consistent with the opinions of the Secretary's physicians, who did not find any significant nonexertional limitations demonstrated in the physicians' medical reports. An ALJ must always carefully consider a claimant's allegations of disabling pain. However, an allegation of disabling pain does not require vocational expert testimony in every case. Because appellant's vocational profile fit precisely within the grids, and because his degenerative disc disease and osteoarthritis did not significantly limit his ability to perform unskilled light and sedentary work activity which is widely available in the national economy, the Secretary properly utilized the medical-vocational guidelines in this case.
 
 
 20
 For the foregoing reasons, the disposition of the case below is
 
 
 21
 AFFIRMED.